UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE LUIS HERNANDEZ LEONARDO et al.,:
                                                          :
                                                          :
                                    Plaintiffs,           :        20-CV-8879 (VSB)
                                                          :
              -against-                                   :        **OPINION & ORDER**
                                                          :
                                                          :
REZA FAST FOOD, INC. (D/B/A CROWN                         :
FRIED CHICKEN) and ADEL EJTEMAI,                          :
                                                          :
                                                          :
                                    Defendants.           :
----------------------------------------------------------- X

Appearances:

Catalina Sojo
Clela Alice Errington
Jesse S. Barton
CSM Legal P.C.
New York, New York
*Counsel for Plaintiff*

Stephen D. Hans
Stephen D. Hans & Associates, P.C.
Long Island City, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On February 25, 2022, after it was reported that the parties had reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case, I directed the parties to submit their settlement agreement for approval. (Doc. 36.) Parties may not privately settle FLSA claims and stipulate to the case's dismissal pursuant to Fed. R. Civ. P. 41(a) without the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 806–07 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In

the absence of Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (internal quotation marks omitted). The parties filed their settlement agreement, and a letter in support of that agreement, on April 7, 2022. (Doc. 39 ("Settlement Ltr."); *see also* Doc. 39-1 ("Settlement Agreement")). Because the Settlement Agreement contained an overly broad release, I found that the Settlement Agreement was not fair and reasonable, rejected the Settlement Agreement, and ordered the parties to either file a revised settlement agreement or a joint letter indicating the parties' intention to abandon settlement. (Doc. 40.)

On July 26, 2022, the parties filed an amended settlement agreement (Doc. 41 ("Amended Settlement Agreement")). Having reviewed the materials before me, I find that the Amended Settlement Agreement is fair and reasonable. Therefore, the parties' joint motion seeking an order approving the Amended Settlement Agreement and entering the proposed Stipulation and Order of Dismissal with prejudice is GRANTED.

**I.      Legal Standard**

To determine whether a settlement is fair and reasonable under FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)) (alterations omitted).  A fee may not be reduced "'merely because the fee would be disproportionate to the financial interest at stake in the litigation.'" *Fisher*, 948 F.3d at 602 (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Id*. at 597.

**II.     Discussion**

I have reviewed the Amended Settlement Agreement, supporting evidence, and supplemental material in order to determine whether the terms are fair and reasonable.  I find that they are and approve the Amended Settlement Agreement.

**A.     *Revised Non-Monetary Provisions***

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  Moreover, "[i]n the context of an FLSA case in which the

3

Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15 Civ. 5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

The original Settlement Agreement contained a clause, under the heading "Release and Covenant Not To Sue" ("Release"), that stated: "Plaintiffs hereby irrevocably and unconditionally release from and forever discharges [sic] and covenant not to sue Defendants . . . any and all charges, complaints, claims, causes of action . . . and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent . . . which Plaintiffs at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement." (Settlement Agreement ¶ 2.) In my previous order, (Doc. 40), I found the above-quoted language from the Release to be overly broad, as it did not appear to be limited to the wage and hour claims at issue in this action. I therefore could not approve the Settlement Agreement.

In contrast, the "Release and Covenant Not to Sue" provision ("Revised Release") in the Amended Settlement Agreement states that Plaintiffs "irrevocably and unconditionally release from and forever discharges [sic] and covenant not to sue Defendants . . . any and all charges,

complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities related to violations of wage and hour law that have occurred as of the Effective Date of this Agreement." (Amended Settlement Agreement ¶ 2.) Given that the Revised Release is limited to all claims asserted in the action, as well as claims that could have been asserted under FLSA and New York Labor Law that predate the agreement, I find that the terms are fair and reasonable.

### B. *Clarified Settlement Amounts*

Plaintiffs Jose Luis Hernandez Leonardo ("Leonardo" or "Plaintiff Leonardo") and Yonic Hernandez ("Hernandez" or "Plaintiff Hernandez"), (together, "Plaintiffs"), filed their complaint seeking to recover unpaid minimum and overtime wages, liquidated damages, interest, and attorneys' fees and costs under FLSA and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor. (Doc.1 at 2–3.) As explained in my prior order, (Doc. 40 at 4), when assessing the fairness of a settlement amount in a FLSA action, courts in this circuit consider a "maximum possible recovery," which includes all possible bases entitling a FLSA plaintiff to monetary relief, such as "liquidated damages." *See, e.g., Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 316, 322 (S.D.N.Y. 2021); *Zorn-Hill v. A2B Taxi LLC*, Case No. 19-CV-1058 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) ("The percentages provided by the Parties undercount the [p]laintiffs' alleged damages and best-case return [because] . . . they do not include liquidated damages."); *Vargas v. Pier 59 Studios L.P.*, 18-CV-10357 (VSB), 2020 WL 8678094, at *1 (S.D.N.Y. Sept. 10, 2020) ("Plaintiff's calculation of potential recovery does not appear to include the possibility of liquidated damages, which FLSA authorizes at a rate of 100 percent of unpaid wages."). Because of this, parties seeking approval of a FLSA settlement must supply a calculation addressing all possible sources

of a plaintiff's potential damages.  *See, e.g., Ramos v. DNC Food Serv. Corp.*, 19-CV-2967 (VSB), 2022 WL 576300, at *2 n.1 (S.D.N.Y. Feb. 25, 2022) (calculating damages based on "unpaid minimum wage, unpaid overtime premiums, unpaid spread of hours premiums, liquidated damages, wage notice and wage statement damages, and interest as of the date of the mediation statement" (internal quotation marks omitted)); *Kanchanawong v. Amobee, Inc.*, 21-CV-4409 (VSB), 2021 WL 6500139, at *2 (S.D.N.Y. Dec. 27, 2021) (assessing a settlement breaking down the sources of possible damages as stemming from "around $51,000 in unpaid wages, $51,000 in liquidated damages, and $10,000 for violations of the Wage Theft Prevention Act"); *Galindo v. E. Cnty. Louth Inc.*, 16 Civ. 9149 (KPF), 2017 WL 5195237, at *4 (S.D.N.Y. Nov. 9, 2017) ("The settlement amount that Plaintiff is to receive, $5,292, would cover all back wages, liquidated damages, and statutory penalties.").

In my prior order rejecting the Settlement Agreement, I stated:  "if the parties should seek approval again, they must provide information that allows me to understand how the amount to be paid to Plaintiffs under any revised settlement amount is fair and reasonable when compared to Plaintiffs' 'maximum possible recovery,' *Miranda v. Grace Farms, Inc.*, 16-CV-1369 (VSB), 2022 WL 1771720, at *4 (S.D.N.Y. May 31, 2022) (quoting *Cronk*, 538 F. Supp. 3d at 322)." (Doc. 40 at 5.)  I also pointed out that "[t]he parties [did] not provide an estimation of each Plaintiff's damages, but only state[d] the $38,800.94 amount in the aggregate," and stated that "[i]f the parties seek further settlement approval, they must provide information about each Plaintiff's total possible damages and how much each Plaintiff is ultimately receiving under a settlement." (Doc. 40 at 5.)

In the Amended Settlement Agreement, Plaintiffs provide additional information explaining how the amount to be paid to Plaintiffs—$40,000—is fair and reasonable when

6

compared to Plaintiffs' "maximum possible recovery". (Doc. 41 and Exs. A–D.) Further, the parties provide information about each Plaintiff's total possible damages and how much each Plaintiff is ultimately receiving under the settlement. (*Id.*) Based on the Defendants' records, Plaintiffs estimate that if they were to prevail in this case, they would be entitled to back wages in the amount of $38,800.94: Plaintiff Leonardo would be entitled to back wages of $17,947.44, and Plaintiff Hernandez would be entitled to back wages of $20,853.50. (Doc. 41, Ex. B, "Damages Chart").[1] The Plaintiffs would be entitled to $124,588.91 were they to recover fully on their claims. (*Id.*) Of the $40,000 settlement amount, Plaintiffs Leonardo and Hernandez will each receive one-third of the total $40,000.00 settlement amount — approximately $13,333.33 — as compared to the $57,652.01 and $66,936.90 that they each would have possibly recovered, respectively. Even excluding the attorneys' fees and costs from the Amended Settlement Agreement, the Amended Settlement amount of $26,666.66 that Plaintiffs will receive still represents approximately 21 percent of the total possible recovery, which is well above other settlement percentages accepted in this District. *See Cronk*, 538 F. Supp. 3d at 323 (collecting cases) (approving a settlement amount around 13 percent of plaintiff's potential recovery). In addition, nothing suggests that the Amended Settlement Agreement is the product of less than arm's-length bargaining between experienced counsel or is tainted by fraud or collusion. I therefore find the payout provided for in the Amended Settlement to be fair and reasonable and in line with the settlement amounts in other cases approving FLSA settlements in this Circuit.

### C. *Remaining Provisions*

---

[1] Counsel's Amended Settlement Letter, (Doc. 41 at 2), appears to have approximated these figures and mismatched the Plaintiffs' names. (*Compare* Doc. 41-2, Ex. B "Damages Chart").

I find all other provisions of the Amended Settlement Agreement to be fair and reasonable. The Amended Settlement Agreement does not contain any bar on Plaintiffs' employment with Defendants in the future. I find the absence of this provision fair and reasonable.

### D. *Attorneys' Fees*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). As a general matter, the "starting point" in determining reasonable attorneys' fees is "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation creates a "presumptively reasonable fee" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008))). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum v. Stenson*, 465 U.S. 886, 897 (1984), and must provide the court with sufficient information to assess the fee application, *see N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "Fees of one-third in FLSA cases are routinely approved in this Circuit." *Manley v. Midan Rest. Inc.*, 14 Civ. 1693 (HBP), 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (collecting cases); *see also Zorn-Hill v. A2B Taxi LLC*, No. 18 Civ. 11165 (KMK), 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery.") Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*,

293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (finding that "the lodestar sought by Class Counsel, approximately 6.3 times, falls within the range granted by courts").

Under the Amended Settlement Agreement, Plaintiffs' counsel will receive a total of $13,333.33, representing one-third of the total settlement amount of $40,000.00.[2]  (Amended Settlement Agreement at 2; Settlement Ltr. at 2.)  Plaintiffs' counsel states that its lodestar in this case is $8,969.00, including $8,442.00 in fees and $527.00 in costs.  (Amended Settlement Ltr. at 2.)  Given that courts regularly award lodestar multipliers from two to six times lodestar, Plaintiffs' counsel's receipt of a total of $13,333.33 is consistent with lodestar multipliers approved by other courts.  Accordingly, I find the requested attorneys' fees and costs under the Amended Settlement Agreement to be fair and reasonable.

### III.   Conclusion

For the reasons stated above, I find that the proposed Amended Settlement Agreement to be fair and reasonable.  Accordingly, the Amended Settlement Agreement is APPROVED.  The proposed stipulation and order of dismissal with prejudice will be filed concurrently with this Opinion & Order.

SO ORDERED.

Dated:     October 13, 2023
           New York, New York

_____
Vernon S. Broderick
United States District Judge

---

[2] In my prior order, I directed Plaintiffs' counsel to file the operative retainer agreements with the Court.  (Doc. 40 at 5.)  Plaintiffs' counsel has since done so, (Doc. 41, Ex. C, "Retainer Agreements").  The Retainer Agreements, provided in both English and Spanish, contain Contingency Fee provisions stating:  "If recovery is made on your behalf, you shall pay us for legal services rendered in an amount allocated or awarded by order of a federal or state judge presiding over the matter; or, in the event of a settlement agreement, award or judgment that does not make an allocation of and/or an award for attorney's fees, you shall pay us for legal services rendered in an amount equal to 40% of any and all sums recovered either as a result of trial or by way of settlement."  (*Id.*)